UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DENA S. PETERS | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 20-3107 |
| CHENMED SENIOR MEDICAL CENTER | * | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Dena Peters filed this employment discrimination suit on November 13, 2020. ECF No. 1. The Clerk marked the complaint deficient and ordered plaintiff to cure the specified deficiencies by December 7, 2020. ECF No. 2. On December 4, 2020, Plaintiff cured her deficient complaint. ECF No. 3. Summons was issued on December 7, 2020. ECF No. 4. Over 90 days have passed since this lawsuit was filed, and service of summons on Defendant has not occurred. Defendant PMR LA Holding, LLC (incorrectly identified as Chenmed Senior Medical Center) has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m). ECF No. 6. This motion was scheduled for submission on March 31, 2021. ECF No. 6-2. Plaintiff failed to file an Opposition Memorandum.

In accordance with Local Rule 16.2 and in light of Defendant's Motion to Dismiss Pursuant to Rule 4(m), this Court issued a Show Cause Order specifically instructing Plaintiff to show cause, in writing and on or before April 21, 2021, why her lawsuit should not be dismissed for failure to prosecute and/or Defendant's Motion to Dismiss granted. ECF No. 7. This Order further placed Plaintiff on notice that her failure to respond on or before April 21, 2021 may result in a recommendation that this matter be dismissed. *Id.* The Clerk mailed a copy of that Order to Plaintiff at her address of record, and the envelope containing the show cause order has not been returned as undelivered. As of this date, Plaintiff has failed to respond to the Show Cause Order.

1

Plaintiff has failed to serve the complaint within 90 days, as required by Fed. R. Civ. P. 4(m).  Further, she has not responded to my Order or provided any information or excuse as to her failure to serve the complaint and prosecute this case.  Her failure to comply with the court's orders and rules has created delay in the court's ability to efficiently manage the case.  Thus, the case must be dismissed without prejudice, in accordance with Fed. R. Civ. P. 4(m).[1]  Further, this delay is caused by and attributable to Plaintiff herself, justifying dismissal of her claims.[2]

In a final effort to provide plaintiff with an additional opportunity to show cause why her complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to plaintiff that any objection should contain a short summary of the reasons why she failed to serve the complaint timely and/or failed to comply with the court's March 30, 2021 Order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

---

[1] *Lambert v. United States*, 44 F.3d 296, 299–300 (5th Cir. 1995) (stating that "[u]nder Rule 4(m), a plaintiff can resist the government's motion to dismiss for tardy service on grounds that he has "good cause" for the delay" and finding no good cause was shown and dismissal was appropriate); *Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077, 1078 (5th Cir. 1985) (upholding dismissal after giving plaintiff's counsel four chances to serve defendants).

[2] *See, e.g., Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655 (5th Cir. 2021) (discussing Rule 41(b) dismissal for failure to prosecute and looking to extent to which delay is attributable to plaintiff rather than counsel).

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

## RECOMMENDATION

It is **RECOMMENDED** that Plaintiff Dena S. Peter's claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this 23rd day of April, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).